IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH W. CANDLER, | No. C 05-4108 MMC (PR) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING APPOINTMENT OF COUNSEL** |
| v. | |
| M.S. EVANS, Warden, et al., | (Docket No. 3) |
| Defendants. | |

Plaintiff, a California prisoner proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983 against Warden M.S. Evans ("Evans"), Captain J.W. Lewis ("Lewis"), Sergeant B. O'Kane ("O'Kane"), Lieutenant J. Hughes ("Hughes"), Correctional Officer W. Wilson ("Wilson"), Correctional Officer J.J. McAnelly ("McAnelly"), Nurse M. Aaya ("Aaya"), and Nurse Zingler ("Zingler"), all officials or employees of Salinas Valley State Prison ("SVSP"). By separate order filed concurrently herewith, he has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state

a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.**     **Legal Claims**

    1.     Exposure to Chemical Spray

The allegations pertaining to this claim are as follows. On January 1, 2005, defendant O'Kane transferred plaintiff to the cell next door to an inmate named "Hall." On February 3, 2005, defendant Wilson ordered Hall to remove paper that Hall had used to cover his windows. When Hall refused, Wilson informed Hall that he would be forcibly extracted from the cell. Plaintiff asked Wilson if he could be moved because plaintiff had asthma and did not want to be exposed to the chemical spray that would be used in the extraction of Hall.[1] Wilson told plaintiff that "it would be quick," and left. O'Kane then came to Hall's cell and ordered Hall to remove the window covering. Plaintiff asked O'Kane if he could be moved because of his asthma, but O'Kane denied the request. O'Kane, Wilson, Lewis, and Hughes thereafter extracted Hall from his cell using chemical spray. The spray blew into plaintiff's cell, causing plaintiff to cough, vomit, and feel burning in his eyes. Plaintiff remained under his bed to avoid the spray; approximately one hour later, Wilson returned to clean up the cell. Plaintiff asked Wilson to get him medical attention, and also to turn off one of the blowers to allow plaintiff some fresh air. Wilson refused. At approximately 6:30 p.m., nurses Zingler and Aaya visited plaintiff to give him his psychiatric medication.[2] He requested treatment for the

---

[1] Plaintiff alleges that his cell vent was connected to Hall's cell vent.

[2] All other events referenced above occurred at unspecified times.

2

burning in his throat and eyes, and for his stomach and head pain, but his requests were denied.

Deliberate indifference to an inmate's safety or serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Farmer v. Brennan, 511 U.S. 825, 832 (1994) (addressing safety conditions in prison); Estelle v. Gamble, 429 U.S. 97, 104 (1976) (addressing medical needs). A determination of an Eighth Amendment violation, involves an examination of two elements: the seriousness of the dangerous condition or medical need, and whether the prison official has been deliberately indifferent to the inmate's needs. See Farmer, 511 U.S. at 834. An Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm. See id. at 842; see also Robins v. Meecham, 60 F.3d 1436, 1439-40 (9th Cir. 1995) (holding bystander-inmate who was injured when guards allegedly used excessive force on another inmate need not show guards intended to harm bystander-inmate). Allegations in a pro se complaint sufficient to raise an inference that the named prison officials acted with deliberate indifference, i.e, that they knew the plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it, states a cognizable claim. See Hearns v. Terhune, 413 F.3d 1036, 1040-42 (9th Cir. 2005).

Liberally construed, the allegations that defendants refused to move plaintiff prior to using the pepper spray, and then failed to provide him with medical care once he was exposed, state a cognizable claim under the Eighth Amendment.

2.   Legal Books

Plaintiff alleges that in April 2005, defendant McAnelly took two legal practice guide books from plaintiff's cell and never returned them. According to plaintiff, he needed these books for a petition for a writ of habeas corpus he was pursuing at the time. Plaintiff alleges that without these books, he cannot effectively pursue his habeas petition.

Prisoners have a constitutional right of access to the courts. See Lewis v. Casey,

3

518 U.S. 343, 350 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977).  To establish a claim for any violation of the right of access to the courts, the prisoner must prove there was an inadequacy in the prison's legal access program that caused him actual injury.  See Lewis, 518 U.S. at 350-55.  To prove actual injury, the prisoner must show the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement.  See id. at 354-55.

Liberally construed, plaintiff's allegations state a cognizable claim that McAnelly violated his right of access to the courts by confiscating his legal practice guide books.

### 3.   Failure to Protect

Plaintiff claims the SVSP Warden has failed to protect him from harmful actions by SVSP officials.  The failure of prison officials to protect inmates from attacks from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety.  Farmer, 511 U.S. at 834.

Plaintiff alleges he was involved in an altercation with SVSP officials in October 2003, and that SVSP officials have denied him food, hurt him with restraints, threatened and used unnecessary physical force, failed to deliver his mail, and falsified reports as to rules violations.  Although plaintiff may have a cognizable claim against SVSP officials for failing to protect him from dangerous prison conditions, his allegations in the complaint are too conclusory to state a cognizable claim for relief.  Conclusory allegations do not suffice to state a cognizable claim under 42 U.S.C. § 1983; the plaintiff must instead "set forth specific facts as to each individual defendant's" alleged deprivation of his protected rights.  Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  Here, plaintiff does not specify which SVSP officials took the above-referenced harmful actions against him, or when or under what circumstances such actions were taken.  Plaintiff will be given leave to state this claim with more specific facts concerning the role and conduct of

each individual SVSP official, if he can do so in good faith.[3]

**CONCLUSION**

For the reasons stated above:

1. Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND. Within **thirty (30) days** of the date this order is filed, plaintiff may file an AMENDED COMPLAINT correcting the deficiencies outlined above. Plaintiff shall include in the caption both the case number of this action (No. C 05-4108 MMC (PR)), and the phrase "AMENDED COMPLAINT."

2. **The amended complaint supersedes the initial complaint and may not incorporate by reference any parts of the original complaint; plaintiff must include in the amended complaint all the allegations and claims he wishes to present. If plaintiff fails to timely file an amended complaint in conformity with this order, the third claim for relief, described above, will be dismissed with prejudice, and this action will only proceed based on plaintiff's other two claims.**

3. It is plaintiffs' responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

4. Plaintiff has filed a request for appointment of counsel. There is no constitutional right to counsel in a civil case such as this. See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981). Rather, pursuant to 28 U.S.C. § 1915, a district court has the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). To date, plaintiff has been able to present his claims, which do not appear to be particularly complex, in an adequate manner, and there are no

---

[3] Plaintiff also alleges he has made "numerous" written requests to the Warden that he be transferred to another institution, but that these requests have been denied. Prisoners have no constitutional right to incarceration in a particular institution. See Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983); Meachum v. Fano, 427 U.S. 215, 223-27 (1976). Accordingly, plaintiff does not have a cognizable claim for relief against any SVSP official based solely on such official's failure to transfer him to another institution.

exceptional circumstances warranting appointment of counsel at this time. Should the circumstances of the case materially change, the Court may reconsider plaintiff's request *sua sponte*. Accordingly, plaintiff's motion for appointment of counsel is DENIED.

This order terminates Docket No. 3

IT IS SO ORDERED.

DATED: March 31, 2006

_____
MAXINE M. CHESNEY
United States District Judge