IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEITH W. CANDLER, | ) | No. C 05-4108 MMC (PR) |
| Plaintiff, | ) ) | **ORDER DIRECTING PLAINTIFF TO EFFECTUATE SERVICE UPON OR PROVIDE COURT WITH LOCATION INFORMATION FOR UNSERVED DEFENDANT** |
| v. | ) ) ) | |
| M.S. EVANS, Warden, et al., | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | (Docket No. 19) |

On October 12, 2005, plaintiff, a California prisoner proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983 against numerous officials at Salinas Valley State Prison ("SVSP"). On March 31, 2006, the Court found the complaint stated, against defendants Captain J.W. Lewis, Sergeant B. O'Kane, Lieutenant J. Hughes, Correctional Officer W. Wilson, Correctional Officer J.J. McAnelly, Nurse M. Aaya, and Nurse Zingler ("Zingler"), a cognizable claim for deliberate indifference to plaintiff's safety and medical needs, as well as a cognizable claim for denial of access to the courts against defendant McAnelly.[1] Additionally, in its March 31, 2006 Order, the Court directed the United States Marshal to serve said seven defendants at SVSP, where plaintiff indicated they were located. The Marshal successfully served six of the defendants,[2] but returned the summons unexecuted as to Zingler for the reason that she could not be located at SVSP.

In cases wherein the plaintiff proceeds in forma pauperis, the "officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). The court must appoint the Marshal

---

[1] Claims against an eighth defendant, M.S. Evans, were dismissed with leave to amend, and ultimately dismissed when plaintiff failed to amend.

[2] A motion for summary judgment by these defendants is due April 11, 2007.

to effect service, see Fed. R. Civ. P. 4(c)(2), and the Marshal, upon order of the court, must serve the summons and the complaint, see Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994). Although a plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987).

Here, plaintiff's complaint has been pending for over 120 days, and thus, absent a showing of "good cause," is subject to dismissal without prejudice as to the unserved defendant. See Fed. R. Civ. P. 4(m). Because plaintiff has not provided sufficient information to allow the Marshal to locate and serve defendant Zingler, plaintiff must remedy the situation or face dismissal of his claims against said defendant. See Walker v. Sumner, 14 F.3d at 1421-22 (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service).

Accordingly, plaintiff must either himself effect service on defendant Zingler, or provide the Court with an accurate current location such that the Marshal is able to effect such service. <u>If plaintiff fails to effectuate service on defendant Zingler, or provide the Court with an accurate current location for said defendant, within **thirty (30) days** of the date this order is filed, plaintiff's claims against said defendant will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.</u>

IT IS SO ORDERED.

DATED: April 11, 2007

MAXINE M. CHESNEY
United States District Judge

2