IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEITH W. CANDLER, | ) | No. C 05-4108 MMC (PR) |
| Plaintiff, | ) ) | **ORDER DISMISSING COMPLAINT AS AGAINST UNSERVED DEFENDANT** |
| v. | ) ) | |
| M.S. EVANS, Warden, et al., | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

On October 12, 2005, plaintiff, a California prisoner proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983 against numerous officials at Salinas Valley State Prison ("SVSP"). On March 31, 2006, the Court directed the United States Marshal to serve seven defendants at SVSP,[1] where plaintiff indicated they were located. The Marshal successfully served six of the defendants, but on February 20, 2007, filed a "Process Receipt and Return" form indicating that defendant Nurse Zingler could not be served or located at SVSP because she was a contract employee who no longer worked there, and because plaintiff did not submit her first or middle name or initial.[2]

On April 11, 2007, the Court ordered plaintiff to either "effect service on defendant Zingler, or provide the Court with an accurate current location such that the Marshal is able to effect such service," and cautioned that if he failed to do so within 30 days, his "claims against said defendant will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure." Plaintiff has not effected service on Zingler nor has he

---

[1] The claims against an eighth defendant, Warden M.S. Evans, were dismissed for failure to state a cognizable claim for relief.

[2] Plaintiff acknowledges he received a copy of this form.

provided an accurate current location for her.  Instead, on April 26, 2007, plaintiff filed a response to the Court's April 11, 2007 Order, in which response he states he wrote to the Marshal with a physical description of Zingler, and that he has served another defendant, Nurse M. Ayaay, with an interrogatory requesting Zingler's first and middle initials.  A physical description of Zingler will not enable the Marshal to serve Zingler; the Marshal must have her current location in order to effectuate service, and plaintiff has not provided such information.  Moreover, although having Zingler's first and middle initials might enable plaintiff to learn Zingler's current whereabouts, there is no indication that Ayaay has such information, let alone that she has any obligation to provide it to plaintiff.

Accordingly, in light of plaintiff's failure to serve Zingler within 120 days of the date this action was filed, provide the Court with her current location for service, or show cause why plaintiff has been unable to do so, the claims against Zingler are hereby DISMISSED without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: May 18, 2007

_____
MAXINE M. CHESNEY
United States District Judge

2