IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH W. CANDLER, ) | No. C 05-4108 MMC (PR) |
| ) | |
| Plaintiff, ) | **ORDER DENYING PLAINTIFF'S MOTION TO VERBALLY TESTIFY IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** |
| v. ) | |
| ) | |
| M.S. EVANS, et al., ) | **(Docket No. 60)** |
| ) | |
| Defendants. ) | |
| _____ ) | |

On October 12, 2005, plaintiff, a California prisoner incarcerated at Salinas Valley State Prison and proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983. On December 11, 2006, the Court ordered plaintiff's claims for deliberate indifference to his safety and serious medical needs ("deliberate indifference claims") served on defendants Captain J.W. Lewis ("Lewis"), Sergeant B. O'Kane ("O'Kane"), Lieutenant J. Hughes ("Hughes"), Correctional Officer W. Wilson ("Wilson"), Nurse M. Ayaay ("Ayaay") and Nurse Zingler ("Zingler"), and ordered plaintiff's claim for denial of access to the courts served on Correctional Officer J.J. McAnelly.

On June 11, 2007, defendants Lewis, O'Kane, Hughes, Wilson and Ayaay filed a motion for summary judgment with respect to plaintiff's deliberate indifference claims.[1] On

---

[1] On May 18, 2007, the Court dismissed the complaint against defendant Zingler without prejudice after plaintiff failed to effect service on Zingler under Federal Rule of Civil Procedure 4(m).

July 11, 2007, plaintiff filed an opposition to the motion for summary judgment. The opposition is comprised of: (1) a fifteen-page document titled "Material Facts Statement and Evidence," which document includes a recitation of disputed material facts and accompanying legal argument; (2) an eleven-page declaration in which plaintiff presents facts in support of his deliberate indifference claims that contradict the facts put forth by defendants in support of their motion for summary judgment; (3) a document titled "Plaintiff's Exhibits in Opposition to Defendants Summary Judgment Motion," which document consists of thirty-nine pages of exhibits and each of defendants Lewis, O'Kane, Hughes, Wilson and Ayaay's individual responses to plaintiff's first set of interrogatories; and (4) a document titled "Motion to Allow Plaintiff to Verbally Testify in My Behalf," by which motion plaintiff seeks to offer oral testimony in opposition to defendants' motion for summary judgment. The last of the above-referenced filings is the subject of this order.

The Civil Local Rules of this District provide as follows: "No oral testimony will be received in connection with any motion, unless otherwise ordered by the assigned Judge." See Civil L.R. 7-6. In the instant case, plaintiff moves the Court to allow him to present oral testimony by way of video conference from the California State Prison at Sacramento, where he currently is incarcerated. In support of his request, plaintiff states: "Plaintiff could use this method to tell my story and answer any questions that the courts [sic] may want to ask." (Mot. at 1:23-25.) Plaintiff brings his motion under Rule 56(f) of the Federal Rules of Civil Procedure.

Rule 56(f) provides, in relevant part:

> Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f).

In their opposition to the instant motion, filed July 17, 2007, defendants argue that plaintiff should not be allowed to give oral testimony in opposition to the motion for

1  summary judgment because he has already submitted his own declaration in support of his
2  opposition, and he gives no indication that he intends to add anything beyond his declaration
3  or that he has information to present to the Court that cannot be disclosed by way of
4  declaration.

5        In making a Rule 56(f) motion, a party opposing summary judgment must make clear
6  "what information is sought and how it would preclude summary judgment."  <u>Margolis v.</u>
7  <u>Ryan</u>, 140 F.3d 850, 853 (9th Cir. 1998).  Here, plaintiff does not identify, or argue he is
8  unable to present by declaration, facts essential to his opposition, and the record does not
9  support such a determination.  Rather, as discussed above, plaintiff has submitted in support
10 of his opposition an eleven-page declaration presenting facts that contradict those put forth
11 by defendants, and also has submitted more than sixty pages of exhibits.  The reasons
12 plaintiff asserts for allowing him to orally testify, specifically, to provide him an opportunity
13 to tell his story and answer any questions the Court might have, are insufficient.  Plaintiff has
14 been provided the opportunity to tell his story by way of the allegations in his verified
15 complaint and his declaration; further, if the Court determines that issues material to the
16 motion for summary judgment have not been adequately addressed by the parties'
17 submissions, the Court will so inform the parties when it rules on said motion.

18       In sum, plaintiff has not made a sufficient showing under Rule 56(f), and,
19 consequently, the Court finds plaintiff is not entitled to present further evidence in support of
20 his opposition by way of oral testimony.

21       Accordingly, the motion is hereby DENIED.
22       This order terminates Docket No. 60.
23       IT IS SO ORDERED.

24 DATED: March 28, 2008

                                 MAXINE M. CHESNEY
                                 United States District Judge